UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 12-CV-23396-SCOLA/SNOW

DOMITHILLA EPUECHI,

    Plaintiff,
v.

BAYVIEW LOAN SERVICING, LLC,
BAYVIEW FINANCIAL, L.P.,
BAYVIEW FINANCIAL TRADING, L.P.,
BAYVIEW LENDING GROUP, L.P.,
ROBERT GLENN HALL, MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
FEIN, SUCH, KAHN & SHEPARD, P.C.,

    Defendants.
_____/

## DEFENDANTS' MOTION FOR REMAND
## AND INCORPORATED MEMORANDUM OF LAW

Pursuant to 28 U.S.C. § 1447(c), Defendant, Bayview Loan Servicing, LLC ("Bayview"), moves for an Order from this Court remanding this action to the state court. The grounds for this Motion are:

1. Although the styling of Domithilla Epuechi's ("Epuechi") Notice of Removal appears to refer to a related action currently pending before this Court against Bayview and a host of other parties, *Epuechi v. Bayview, et. al.,* Case No. 1:12-CV-22891-RNS (the "Related Action"), the Notice of Removal "prays that the New Jersey foreclosure action F-28703-10, A-004006-11T4 be removed" to this Court. [D.E. 1 at 4]  Epuechi does not attach the Complaint from the N.J. Foreclosure Action or any Notice of Appeal in the N.J. Appeal to the Notice of Removal, but instead attaches, *inter alia,* the complaint she filed in the Related Action. [D.E. 1 at 52-103]  The Related Action is already pending in this Court and does not require removal.

As to the New Jersey actions, the Court must remand this case because the removal statute does not allow a New Jersey state action to be removed anywhere other than the federal court for the District of New Jersey, Epuechi waived any right she may have had to remove those actions, and the Notice of Removal fails to meet the procedural requirements of the removal statute or articulate any substantive basis for federal jurisdiction.

## Memorandum of Law

2. It is not entirely clear which action the Notice of Removal purports to remove. In an abundance of caution, given the prayer for relief cited above, seeking removal of both *Bayview Loan Servicing, LLC v. Epuechi,* F-28703-10 (N.J. Super. Ct. Ch. Div. 2010) (the "N.J. Foreclosure Action") *and* Epuechi's appeal of the final judgment of foreclosure entered in that case, *Epuechi v. Bayview Loan Servicing, LLC,* A-4006011T4 (N.J. Super. Ct. App. Div. 2011) (the "N.J. Appeal"), Bayview files this Motion for Remand.

3. The removal statute requires any "defendants desiring to remove any civil action from a State court" to file a notice of removal "in the district court of the United States for the district and division within which such action is pending." 28 U.S.C.A. § 1446.  If Epuechi had any right to remove this action to federal court, the statute required the removal of these New Jersey actions to be to the District of New Jersey, not the Southern District of Florida.  This alone merits remand.

4. The notice of removal of a civil action or proceeding must "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C.A. § 1446(b).  The N.J. Foreclosure Action has been pending since 2010, and

Epuechi herself instituted the N.J. Appeal, which has been pending since at least May, 2012. [D.E. 1 at 6]  By waiting until September 17, 2012 to file a notice of removal, Epuechi has waived any right she may have had to remove the foreclosure action. *Brown v. Demco, Inc.*, 792 F. 2d 478, 481 (5th Cir. 1986)  ("a defendant who does not timely assert the right to remove loses that right.").

5.      Even the limited filings Epuechi attaches to the Notice of Removal make clear that she has actively litigated the N.J. Foreclosure Action.  *See, e.g.* [D.E. 1 at 4, 5-14]   "Even a defendant who petitions timely may have waived its right to removal by proceeding to defend the action in state court or otherwise invoking the processes of that court." *Brown v. Demco, Inc.*, 792 F. 2d at 481.

6.      Moreover, to the extent Epuechi purports to remove the 2010 N.J. Foreclosure Action on the basis of diversity jurisdiction, Section 1446(c) does not allow removal "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. 28 U.S.C.A. § 1446(c).  Epuechi does not allege in the Notice of the Removal that Bayview prevented her from removing the action.

7.      The Notice of Removal is also procedurally deficient. Section 1446(a), requires a defendant to file a notice of removal that must satisfy three requirements: (i) the notice of removal must be signed pursuant to Rule 11 of the Federal Rules of Civil Procedure; (ii) the notice of removal must contain a short and plain statement of the grounds for removal; and (iii) the notice of removal must be accompanied by a copy of all process, pleadings, and orders served upon the defendant in the action.  28 U.S.C.A. § 1446(a); *Wilkinson v. United States*, 724 F. Supp. 1200, 1204 (W.D.N.C. 1989).   The Notice of Removal meets none of these requirements.

8. Rule 11(a) requires every paper "must state the signer's . . . e-mail address, and telephone number." Fed. R. Civ. P. 11(a), Epuechi's Notice of Removal does not state this information, and therefore fails to meet the signature requirement.

9. Epuechi's Notice does not contain a short and plain statement of the grounds for removal. Although paragraph 12 of the Notice of Removal conclusorily claims that the Court has original and diversity jurisdiction over this matter, Epuechi fails to substantiate how the Court has original jurisdiction. Epuechi therefore fails to meet the "short and plain statement of grounds for removal" requirement and has failed to establish that this Court has original jurisdiction over this matter.

10. Epuechi's Notice is also not accompanied by "a copy of all process, pleadings, and orders served upon the defendant" in the actions New Jersey actions she purports to remove. *See generally* [D.E. 1].

## Conclusion

For all of the foregoing reasons, the Court should remand this action to the state court.

**HIGER LICHTER & GIVNER, LLP**
*Counsel for Defendants*
18305 Biscayne Boulevard
Suite 302
Aventura, Florida 33160
Telephone: 305-933-9970
Facsimile: 305-933-0998

s/ J. Joseph Givner_____
J. Joseph Givner
Florida Bar No. 850705
jgivner@hlglawyers.com
Esther Meisels
Florida Bar No.37142
emeisels@hlglawyers.com

## CERTIFICATE OF COMPLIANCE

In accordance with Rule 7.1(a)(3), Local Rules of the United States District Court for the Southern District of Florida, undersigned counsel herein certifies that he has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 17, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below in the manner specified, either via transmission of Notice of Electronic Filing Generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ J. Joseph Givner_____<br>
J. Joseph Givner

## SERVICE LIST
CASE NO. 1:12-CV-23396-RNS
United States District Court, Southern District of Florida

Domithilla Epuechi
1019 Clinton Avenue
Irvington, NJ 07111
*Pro-Se Plaintiff*